## MRS. G. J. FINGERSON v. ALPHA TAU CHAPTER OF ZETA TAU ALPHA SORORITY.[1]

May 15, 1936.

No. 30,777.

*Oscar G. Haugland*, for relator.
*Robert E. Faricy*, for respondent.

[1]Reported in 267 N. W. 212.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an order granting compensation to an injured employe of Alpha Tau Chapter of Zeta Tau Alpha Sorority. A reversal is required for the reason that at the time of her injury Mrs. Fingerson, the respondent, was employed as a "domestic servant" within the meaning of 1 Mason Minn. St. 1927, § 4268, which provides:

"This act shall not be construed or held to apply to any * * * domestic servants * * * or persons whose employment at the time of the injury is casual, and not in the usual course of the * * * occupation of his employer."

At the time of injury Mrs. Fingerson was engaged in ordinary house cleaning. During the five-year period preceding the accident she had been called in to do cleaning on an average of at least once a week, usually coming on the same day of each week. Sometimes, particularly during recesses in the school year, she would work several days in succession. She ran her own household. In addition to her work for relator, she worked as a charwoman by the day for other individuals and organizations. One of her other employers was the Minneapolis University Club, where, in addition to her irregular work as charwoman, she was employed "two weeks at a time when the cooks had their vacations" as assistant cook.

Zeta Tau Alpha Sorority is a national organization with about 60 local chapters in as many institutions of learning. There is a Minnesota corporation under the name of "Alpha Tau Chapter of Zeta Tau Alpha, Incorporated," which, as a mere holding company, owns the house occupied by Alpha Tau, the local undergraduate chapter at the University of Minnesota. That corporation was not the employer of Mrs. Fingerson and is not a party to this proceeding. The local chapter, an unincorporated association, was the employer and liable for compensation if liability there is.

The total membership of the local chapter is not made to appear. In the chapter house, during the period of Mrs. Fingerson's employment, about six young ladies, students at the University, were living. It was their home while at the University. The expense of the house

upkeep, including meals, was prorated among the residents and other members of the chapter. Occasionally there were out-of-town guests, who paid for their meals but not for lodging. The charge for such meals was reckoned to cover only actual cost without profit. "Beside rooms and meals," the local chapter furnishes the conventional entertainment, not omitting "teas and bridge parties and dances."

Clearly, if no sorority or fraternity were involved—if the proceeding were against a group of students, male or female, clubbed together to rent a house, hire a housemother and cook (the local chapter had no other regular employes), no one could reasonably say that either as to purpose or accomplishment the result was anything more than a home for the members while in college. That being so, Mrs. Fingerson's service was domestic in character and so exempted from the operation of the workmen's compensation act.

The case is on the other side of the line from those wherein compensation is sought against such an institution as the ordinary incorporated social or commercial club, with a large membership, owning and operating a clubhouse wherein some members are resident but the numerous others gather for social intercourse, amusement, athletic exertion, and the like. As to others than the resident members, there can be no claim that the clubhouse in such a case is a home. Even as to the resident members, the business takes on all the aspects of an ordinary commercial hotel but with the added facilities of the club, the purpose of which is broadly and fundamentally different from that of the local chapter of a sorority or fraternity or a mere group of students associated together for the purpose of maintaining a home during their attendance at the University.

No case precisely in point has been cited. But see Eichholz v. Shaft, 166 Minn. 339, 208 N. W. 18, and Keefover v. Vasey, 112 Neb. 424, 199 N. W. 799, 35 A. L. R. 191. The former involved what was held to be domestic service. In the latter, a group of farmers, unincorporated and associated together in the owning and operating of a threshing machine used only for their own crops, was held not liable to an injured employe because excluded from

the operation of the Nebraska employers' liability law as "employers of farm laborers." In Orcutt v. Trustees of Wesley M. E. Church, 170 Minn. 97, 212 N. W. 173, the proceeding was against a church organization, which was held liable for compensation. The determinative question, decided in the affirmative, was whether the injured man was in the course of his employment at the time of his injury.

For the reasons stated, the order under review is reversed.